Putnam, C. J.
Before the trial judge no question was .raised by the defendant as to the right of the plaintiff to proceed by way of this action at law rather than by a suit in equity or in a court of bankruptcy. No demurrer was filed. No requests for rulings of law on the question of the plaintiff’s right so to proceed were presented. The parties proceeded to a trial on the merits. So far as the report discloses no objection to so doing was raised. We take the case as it comes to us.
The evidence recited in the report consists only of a long and careful finding of fact by the trial judge, the report reciting that there was evidence to warrant such findings. What other evidence there may have been we do not know. *435 The report further recites that it contains all the evidence material to the questions reported.
Briefly stated the facts are that the plaintiff, as trustee in bankruptcy of a corporation, sues to recover from the attorney of the corporation’s common-law assignee for the benefit of creditors the sum of $475 paid by said assignee to said attorney for legal services. The corporation was petitioned into bankruptcy within four months from the date of the assignment. The judge found that when the defendant received the money he knew that the assignment was voidable by bankruptcy; that the money came from the conversion into money of the assets of the assignor; that the assignee’s title to the money was voidable; and that the defendant did not receive the money in good faith. He found for the plaintiff for $475. He made an additional finding that the fair value of the defendant’s services as attorney to the assignee was $250.
An assignee for the benefit of creditors is not a bona fide holder for value (Chace v. Chapin, 130 Mass. 128) and one who, like the defendant in this case, takes from the assignee part of the proceeds of the assigned property, knowing all the facts, is also not a bona fide holder for value. See Clark v. Sawyer, 151 Mass. 64.
The case seems to us to fall within the provisions of the Chandler Act, so-called, of June 22, 1938 (52 Stat. C. 575, section 70, a (8), and e; 11 U. S. C. A. sec. 110). We are of opinion that section 2, a (21) of that act does not apply to this defendant, and that was apparently the view of the referee in bankruptcy when he granted the plaintiff leave to bring this action.
On the facts expressly found, there being no other evidence recited, the case comes to this division virtually as a *436 case stated, and we are of opinion that on those facts the decision of the trial judge was right.
Report dismissed.